People v. Mark Williams We have Mr. Patrick Daly for the appellant and Mr. Levi Harris for the appellee. When you're prepared to begin, Mr. Daly, you may begin. And for the record, Justice Overstreet is not available today but is on the panel. He's at a conference in Chicago and will be hearing the recording. So speak up. Thank you, Your Honor. May it please the court and counsel. My name is Patrick Daly. I'm here on behalf of the state. In this state appeal, from the granting of a motion to suppress evidence, defendants were charged with multiple counts of unlawful use of a weapon by a felon and one count of illegal possession of a face firearm. The weapons seized in this case and the ammunition constitute the evidence that was suppressed. On the basis of a ruling of the court, that a warrantless search of the residence of Sharlaya Williams, a parent or father or mother of the defendant's child, was an unlawful search. Substantively, the state presents three arguments against the court's ruling on the motion to suppress. One, the defendant did not have standing to challenge the search. Two, that the defendant as a parolee had executed and acknowledged a parolee form which allowed for warrantless searches of anywhere that the defendant resided or whatever that he had control over. And number three, that there was valid consent that was given for the search of the residence notwithstanding. But before we get to that, and this is really kind of the principal issue I think coming into this appeal today, is whether this court has jurisdiction to consider this appeal. As a standard rule of jurisdiction, which of course is abundantly aware of Rule 606B, the appeal from a judgment, which would include here inclusively a judgment on a motion to suppress an adverse judgment, the state would have to file its notice of appeal within 30 days of the entry of the order or file a motion against the judgment within that time period, which would in effect characterize some time period. As I just told and understand, I see it more as deferring the 30-day time period until the court resolves the motion against the judgment. Now the typical motion against the judgment would be a motion to reconsider. So here in this case where the court entered its order on the 22nd day of May 2017, the state would have to file either a notice of appeal or a motion to reconsider within the 30 days of that date. That did not happen. The state's motion to reconsider this case was ultimately filed not until August the 24th, 2017. So ignoring any other particular considerations in this case, if the state's motion to reconsider is untimely, then it lost its time period in which to file the notice of appeal. This court is not vested with jurisdiction and the appeal has to be dismissed. However, that's not the end of the story and that's where the dispute arises. And this is one of the more interesting jurisdictional issues that's been presented. I think it's probably critical in consideration of the people's arguments here that there be kind of a timeline about what happened. So the court granted the motion to suppress on May the 22nd, 2017. And the court can look in the appendix at the documents that were filed by the court and by the state. It was more or less a summary order that outlined who the witnesses were and then rendered a judgment. And then the state handed facts or conclusions of law as the court is supposed to do under 725 ILCS 5-114-12E. About four days later, the parties appear in court and the state indicates to the court that, number one, they did not have a chance to file written arguments. Parenthetically, the defendant notes in his brief that the state had ample time to file a response. I acknowledge that. There was about a month's time period, if you will, for the defendant to file his arguments to when the court entered its ruling in this case. That said, there was no specific time period in which arguments were supposed to be received by the court. But I will acknowledge that particular aspect of this. The state indicated and the defendant agreed that the state wanted to file a motion to reconsider and intended to file a motion to reconsider in this case. But as a predicate to that, they wanted to file a motion for specific findings, being that in this case there were not specific factual and legal findings made in the court's initial order granting the motion to suppress. The court indicated to the prosecutor to file what you need to and we'll reconsider the situation as needed. On June 6th of 2017, so we're still within our initial 30 days, the state filed its motion for specific findings, noting that there were no findings of fact or law and that this would have an effect on its ability to file a motion to reconsider. Now, the defendant argues in response to this that the state didn't really kind of set forth to the court that there was a necessity for this particular motion to reconsider and the state could just go ahead and file a motion to reconsider. But for the court, we'll note here on page 8 of the appendix, which is a motion for specific findings, that the state made the indication that the lack of information in the court's order of suppression makes it difficult for the people to determine upon what basis this court made its decision and inhibits the people in its preparation of a motion to reconsider. So I think the state articulated a basis, at least, for which it felt that it was necessary for the court to make specific findings that, you know, and it's not a minor consideration. The state has waiver considerations. It has to know exactly what it's asking the court to reconsider. And at this point, there's simply an order granting the motion. Not true enough that the defendant articulated a basis for it, but nonetheless, we're talking about the court's ruling here. The court's not necessarily bound, specifically, if it hears evidence, you know, given the means by which it can grant the motion to suppress. So in its motion for specific findings, the state asked for an amended suppression order. Now, another note, and I'm chewing up a lot of time this time, so I'm sorry. I'll go as quickly as I can. But if you have an amended suppression order, this might not be a problem that we have here. We don't have an amended suppression order. I acknowledge that. What the court did is it filed a grant of the motion for specific findings, entered that, but did not characterize it as an amended order. In fact, it back-referenced its initial May 22nd. So that still, in this entire case, stands as the suppression motion. So we don't have to add on to argue that there was a new, you know, 30-day time period here. However, the court then recessed the case for a case management conference on the 19th. So we're still in the first, excuse me, 30 days, and indicates it's going to review the state's motion. It then files a detailed fact findings on July the 26th of 2017, includes a number of facts, but no legal basis. The state then files a motion to reconsider on August the 24th. Defendant files a response. Ultimately, the court denies the motion to reconsider on December the 29th, and the state files a timely, or at least what would be ostensibly a timely notice of appeal from the 12-29-17 denial of the motion to reconsider. Excuse me. So our position here is twofold for why this court has jurisdiction. Number one, that when the state brought its motion for specific findings, it was part and parcel of a motion directed against the judge. Number one, if this court agrees with that, then satisfaction of Rule 606B is made, and that would delay the time period. The second part of our argument, if the court is not inclined to find that to be the case, was that the court had, at least implicitly, extended the time period in which the state could file a motion to reconsider. That argument itself has two parts. Number one, does the court have the power to extend the time period in which to file a motion to reconsider, and if so, did the court actually do so in this case? So let's start with number one, the motion directed against the judge. There's not really a lot of particular case law in this regard in criminal cases, so I tend to draw on kind of a civil analog here under Rule 303. So in these civil cases, the courts have made clear that motions for specific findings are not to be considered motions directed against the judge. In other words, if they refuse to treat that as a motion to reconsider, which would, under the civil rules, stall the time period for a notice of appeal. Citing in this case, Machine Remover's case, the court states that a motion for specific findings really requests that the court articulate the findings of fact and law in which the prior judgment was predicated and does not request a change in judgment. Another case I cite indicates that all you really need to do is have your motion for specific findings and just add a tagline to the motion to say that you're requesting a re-hearing. Really, apparently, that's all that you need to do. Now, the defendant argues, I think accurately, that the state did not actually ask for a re-hearing of this motion for specific findings. It simply stated that it was going to file a motion to reconsider on the heels of its request for a motion for specific findings. That said, I think that when you look at the specific findings request, it was not, as the civil cases find, simply a request for clarification, but rather it's a request for clarification as part of a request to reconsider. In other words, inherent in this request is the fact that the state is going to seek reconsideration of the judgment against it. And it relies upon, I think, 112-14, or 114-12. I'll just wrap up really fast. Well, I have a question before you wrap up. And you have no criminal case that supports your position on the motion to reconsider? Correct. Okay. That's why I use the civil and civil cases came closest to trying to hone in on this idea of the specific findings. And distinctly, I try to draw from those cases. Okay, thank you. So you'll have the opportunity to reject. So, Mr. Harris. Yes. I believe I, as a matter of fact. I'm going to steal some water here, Your Honors. Well, I guess I'm not going to steal it. I was going to say, as long as you don't intend to permanently deprive us of that water. Which I think you do. Your Honors, may it please the Court, as you mentioned, I am here for the appellee, Mr. Mark D. Williams. And I think Mr. Daley is correct that the central issue here is jurisdictional. I think our brief makes clear that we don't intend to quibble substantively that we're here on a jurisdictional matter up front. We're asking the Court to dismiss, for one, the jurisdiction. Because, as Mr. Daley said, only a motion directed against the judgment can toll the time for taking an interlocutory appeal. The state's motion for specific findings in this case was not such a motion directed against the judgment. And therefore, did not toll the time. The trial court did not grant and had no authority to grant an extension of time to file a motion to reconsider. And therefore, the state's notice of appeal in this case was not timely filed. So, first and briefly, only a motion directed against the judgment tolls the time. This comes from a line of cases beginning with Taylor and going through ones that subsequently applied it to different situations. But in order to avoid being stopped from litigating an issue or raising it again, the state has to move to reconsider or file a notice of appeal within 30 days. If it fails to do either of those things, then the effect is the same as if it had taken appeal and lost. That becomes the law of the case, and everybody's sort of stuck with it. In this case, the trial court's May 22, 2017 suppression order was immediately appealable and started the 30-day clock for the state to do one of those two things. Now, counsel says, well, you know, the order wasn't really clear and his reasoning wasn't really clear. But if you look at this People v. Leach case that we cite, it was the same kind of a thing where the defendant had argued that the state be collaterally stopped from arguing something in one case that had been lost on in a second case and had not won an appeal on. And the state said, well, after the court ordered that collateral estoppel, the state said, well, we didn't understand the full import of that and what does that mean? And they lost their chance to appeal because what the appellate court said was, look, maybe everything that was going on in the trial court's mind wasn't on that piece of paper in his order. But the effect of the order was clear because the defendant sought collateral estoppel to apply the previous suppression order. It was clear what was suppressed in that order. He sought to apply that. The court granted that motion for collateral estoppel. And, you know, that was the law. It was clear what the effect of the ruling was. Here is the same thing. Defendant filed a motion to suppress evidence. In this case, it was weapons and ammunition. The trial court granted that motion. And so why or, you know, just what law was relying on or whatever, the trial court didn't necessarily explain very fulsomely. But the state obviously knew what the effect of the order was. If it didn't, it wouldn't have voiced an intention in this other motion that it was going to complain and file a motion to reconsider in the future. It already knew that it took issue with what the ruling was, what the substance of it was, the position that it left the state in, which was that it didn't have this evidence to go forward to trial. So I think that that, just quoting this Heiden case, which in turn quoted this Giamenco case, a motion for clarification is not a proper post-judgment motion that would hold the time. And in this Heiden case, in fact, I think that the caption on the case was something to the effect of motion for reconsideration and for clarification of facts or for further findings of facts or whatever. But then the parties made clear in person, in court, look, we're not asking for the court to do anything different with the judgment. We're just looking for something further, some explanation. And so what the appellate court said in that case was, look, it doesn't matter what you put in the caption, that the magic word reconsider was there. What matters is the substance of what you were seeking. Were you asking us to change or to modify or to set aside the actual order itself, not the rationale for it? The state's motion in this case, the motion for specific findings, didn't do that. The state's motion also was not the functional equivalent of a motion for extension of time. I think Mr. Daley, again, graciously and correctly concedes that the state didn't ask for an extension of time in this motion for specific findings. We also know that the trial court didn't grant it because if the court had granted some kind of extension of time, it would have said, okay, state, you have 30 days or 60 days or whatever to file a motion to reconsider. It didn't do that in this case. So if we were to believe that the trial court granted a motion to reconsider or a motion for extension of time, then I guess had the state not filed it to this date, it would still be open-ended and they could file this motion to reconsider, which is silly. Of course the trial court didn't do this. We also argue that the court didn't have the power to do this. The Illinois Supreme Court Rule 606B is very clear and unambiguous, and I think Mr. Daley does a valiant job of trying to read in some ambiguity that might help him, and I just don't think that it's there. This rule is very clear that you have two ways to challenge a judgment. Ask the trial court itself to change its mind and change the judgment, or come to this court with a notice of appeal and ask for that judgment to be reversed in a timely fashion. Either one of those things has to be done within 30 days. Let's see if I have any other notes. I forgot. It is true that the state indicated in this motion for specific findings that it intended to file a motion at some future time to reconsider. But it also said, if I can find it, the lack of information in the suppression order makes it difficult for the people to determine on what basis it made its decision. Well, difficult, but not impossible. It says it inhibits the people in its preparation, but it doesn't stop the people in its preparation. And the reason is, the state doesn't even need to be frank to file a motion to reconsider. It doesn't have to have any reason to file a motion to reconsider. It can just say, frankly, this happens a lot in our criminal cases, your honors know it, where a defense attorney at the end of the trial says, well, this judgment was an error. We asked the court to grant a new trial. And that's it. That's the sum total of the motion. If the state had said, your honors, we don't know why you issued the suppression order, but we respectfully think it's wrong and we ask you to change it, bingo, bingo, we're not here. The state didn't do that in this case. That's all it was required to do. It didn't do it. Oftentimes, these jurisdictional rules often, to the detriment of our clients today, it operates to the detriment of the state. We ask the court to dismiss the appeal for warranted jurisdiction. Thank you, Mr. Harris. Do you have a rebuttal, Mr. Daly? Thank you, Your Honor. I think the defense argument almost sort of begs the question rather than answers it. I certainly don't disagree with the proposition that a simple motion for clarification that does not have a component to it, which is actually seeking modification or reconsideration of the underlying judgment, is not going to operate as a motion against the judgment. The cases in which he cites seem to make that clear as well. I think what this court ultimately has to decide in this case, in this particular set of factual circumstances, is where we have not a motion to reconsider, but we have a clear and expressed intent to file a motion to reconsider. So it's not just simply a freestanding request for clarification, but it's a request for clarification that's based upon seeking or wanting to seek a modification of the judgment or a reversal of the judgment by the circuit court. Now, look, there's a purpose behind motions to reconsider. The hope is that the court will change its mind. It's not simply an exercise in futility that the defendant's argument sort of insinuates that, well, the state will just forget it, just file a motion to reconsider, throw anything on it that you think the court might have been thinking about, or just throw in a bottle of it and take a notice of appeal. If it were that, then why even have motions to reconsider at all? The court's read the substantive arguments of the people's brief. There's a lot of moving parts here. As I articulated at the beginning of the arguments, we've got a lot of things going on. A lot of these things were all presented before the court, some fairly complex issues that involve federal law, about standing, about parolee rights, et cetera, et cetera, and as it relates to expectations of privacy under the Fourth Amendment. We don't know if the court hung its hat on it. We don't know if the court hung its hat on anything. And I think the state's certainly entitled, as a litigant, to know what the court did, if it thinks that it has the possibility of changing the judge's mind or giving it an opportunity to reconsider. So then what it really comes down to is this, is the court, if this court's willing to excel the argument that they ask a motion which has as its component, if not a direct motion to reconsider, because simply from the court-state perspective, it can't reconsider, and if there's no one asking the court to reconsider, is that a motion directed against the judgment? Or does it have to be strictly a specific, right there and then, a motion to reconsider? And the reason why I drew out the contrast with the civil cases, Your Honors, is that there they make it pretty clear that motions for clarifications, which aren't seeking any kind of modification of the underlying judgment, where I think when the court held that the decision on a motion to clarify the judgment dismissing the amended complaint would remain unchanged, makes it clear that there's no component to which the judgment itself is being part of an attack by the losing side of the case. So... It would have been helpful if there was a case that, a criminal case that... Make that argument shorter. Yes. We reach these new corners of law sometimes, and this is where we're at here. With regards to the extension of the time to file a motion to reconsider, again, this is going to be largely based on factual context, and court statements with regards to telling the state to file what it needs to, and then we'll reconsider, you know, at that time, or as needed. We'll reconsider the situation as needed. If the defendant characterizes file what you need to, it's simply the court stating, well, it's just telling the state to dot its I's and cross its T's and make sure it files all the statutory procedure. If the court were that aware of statutory procedure, it probably would have, at some point, complied with 114-12B, but it never did. So I'm not willing to ascribe that connotation to the court's statement. I think what the court's telling the defendant, the state, is file what you think you need to file in order to advance what you want to do, and then I'll take a look at it and reconsider. So, actually, the court was anticipating a motion to reconsider further down the line, and I think what's important here is that when the court set this for a status, if you will, beyond 30 days, what the court was implicitly doing is that it was harnessing the state's request as part of an extension to consider its motion for clarification, knowing that the state's motion to reconsider was going to be contingent upon or dependent upon the court's, you know, answering that request for clarification or for specific findings more specifically. It is not a situation, unfortunately, where the court said, you know, I'm granting an extension, but I think that you can, you know, imply from the court's actions that it was doing it. Now, that doesn't answer the question whether the court's allowed to do it. That's a little bit of a foggier issue. Defendant does cite cases such as Scruggs, which do state under the application of 116-1 that the court does not have the power to extend the time that our position is out of the church in its reference to the court's inherent authority, which derives from constitutional power. The court does have the power to extend the time in any situation post-trial. Thank you. Thank you, Mr. Daly and Mr. Harris. We'll take the matter under advisement and render a ruling in due course.